No. 96-234

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICKY EUGENE HAGEN,

Defendant and Appellant.


APPEAL FROM:   District Court of the Fifth Judicial District, In and for the County of
Jefferson, the Honorable Frank M. Davis, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Eric Rasmusson, Boulder, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Valerie D. Wilson, County Attorney, Boulder, Montana



Submitted on Briefs: April 24, 1997

Decided: June 17, 1997
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Ricky Hagen appeals from the judgment and sentence of the Fifth Judicial District Court, Jefferson County, where a jury found him guilty of driving under the influence of alcohol in violation of 61-8-401, MCA. We affirm.

Hagen raises three issues on appeal:

1. Was Hagen's breath alcohol concentration obtained by an improperly calibrated intoxilyzer?

2. Were Hagenþs due process rights violated through the introduction of evidence obtained by an improperly calibrated intoxilyzer?

3. Is there sufficient evidence to support Hagenþs conviction?

BACKGROUND

On June 29, 1995, Jefferson County Jailer David Kosola responded to a report of a person slumped over the steering wheel of a vehicle parked along the Little Boulder Road, Jefferson County, Montana. Kosola approached the vehicle and opened the door. He shook the individual inside, who awoke and identified himself as Ricky Hagen. Hagen informed Kosola that Hagen had to go to work. He then reached for the key in the ignition and started his pickup. Kosola reached inside, turned off the ignition, and took Hagenþs keys.

Because Kosolaþs radio was not operating, he informed Hagen that he would be "right back." Kosola returned with Jefferson County Deputy Sheriff Sally Buckles, who arrested Hagen. At booking, Hagen consented to a breath test. The intoxilyzer indicated a breath alcohol concentration of .106. Deputy Buckles cited Hagen for being in actual physical control of a motor vehicle while under the influence of alcohol.

Hagen was convicted in Justice Court and appealed. At trial in District Court, Hagen testified that he and his wife had gone to a bar. After it closed, they decided to continue "partying," but got into an argument. Hagenþs wife, who was driving, informed Hagen that she was going home, but he could go with his friends. According to Hagen, his wife parked the pickup off the road and took the keys. Hagen yelled that he needed his keys, so she threw him a set and walked the rest of the way home.

Hagen testified that, rather than driving to the party, he feel asleep. The next event he remembered was Kosola knocking on his window. Hagen denied trying to start his pickup, a GMC diesel which takes thirty seconds to start. Hagenþs wife testified that the keys she threw to Hagen belonged to her son and did not contain a key to Hagenþs pickup. On cross-examination, however, she admitted that among her sonþs keys was a worn key which possibly could have fit Hagenþs pickup. She also testified it was possible that she threw Hagen his keys.

A jury found Hagen guilty of driving under the influence of alcohol. Hagen appeals.

DISCUSSION

1. Was Hagenþs breath alcohol concentration obtained by an improperly

calibrated
intoxilyzer?

2. Were Hagenþs due process rights violated through the introduction of evidence
obtained by an improperly calibrated intoxilyzer?

Hagen argues that his conviction should be reversed because the solution used to calibrate the intoxilyzer was not approved by the Division of Forensic Sciences as required by Rule 23.4.213(1), ARM. He bases his argument on a March 7, 1996, Helena Independent Record article entitled "DUI Cases Threatened by Mistake." According to the article, an untested batch of ethyl alcohol used to calibrate intoxilyzers was distributed to various Montana testing sites, including Jefferson County.

The scope of appellate review is limited to matters contained within the trial record. Rule 9(a), M.R.App.P.; State v. Hatfield (1993), 256 Mont. 340, 344, 846 P.2d 1025, 1028. Hagen does not demonstrate that the untested solution was in use at the time his breath sample was taken. He assumes this fact based on the newspaper article attached to his brief. Hagen also raises his claim for the first time on appeal based on information not contained in the trial record.

Hagen argues that his appeal is properly before this Court pursuant to 46-20-701, MCA. Section 46-20-701(2)(c), MCA, allows for appellate review of "material and controlling facts . . . [that] were not known to the defendant . . . and could not have been ascertained by the exercise of reasonable diligence." The statute is inapplicable here because it would require this Court to conduct a hearing and act as a finder of fact. Hagenþs calibration evidence claim is based on presently unknown facts--was the untested solution in use at the time his breath test was taken? Because the basis for the arguments Hagen raises in Issues 1 and 2 depend on facts which have not yet been determined by the District Court, we decline to further address them on direct appeal.

In his reply brief, Hagen cites State v. Finley (1996), 276 Mont. 126, 915 P.2d 208, for the argument that the calibration evidence is subject to appellate review based on common law plain error. An issue first raised in a reply brief is not properly raised for consideration on appeal. Rule 23, M.R.App.P.; State v. Mummey (1994), 264 Mont. 272, 281, 871 P.2d 868, 873.

3. Is there sufficient evidence to support Hagenþs conviction?

Hagen argues there is insufficient evidence from which a jury could find that he was in actual physical control of his vehicle. Therefore, he could be not be found guilty of driving under the influence. The State responds that Hagen could have filed a

motion for judgment of acquittal based on insufficiency of evidence pursuant to 46-16-403, MCA; but because he did not, the issue is waived on appeal.

We recently held that a defendant is not required to move for acquittal or for a directed verdict in order to preserve the issue of sufficiency of evidence on appeal. State v. Granby (Mont. June 17, 1997), Cause No. 96-278. Accordingly, we address whether there was sufficient evidence to support the jury verdict finding Hagen guilty of driving under the influence.

To convict a defendant of driving under the influence, the State must prove that the defendant was (1) driving or in actual physical control of a vehicle; (2) upon the ways of the State open to the public; and (3) while under the influence of alcohol. Section 61-8-401, MCA; State v. Robison (Mont. 1997), 931 P.2d 706, 707, 54 St.Rep. 61, 62. In this case, only element (1) is in dispute. Based on his testimony and that of his wife, Hagen denies that he was in actual physical control of his pickup.

This Court reviews sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Arlington (1994), 265 Mont. 127, 146, 875 P.2d 307, 318.

A person has actual physical control of a vehicle when he "has existing or present bodily restraint, directing influence, domination or regulation, of an automobile. . . ." Robison, 931 P.2d at 707, citing State v. Ruona (1958), 133 Mont. 243, 321 P.2d 615. According to Hagen, he was not in actual physical control of his pickup because: (1) he did not attempt to move or start it on the date of his arrest; (2) he could not start it because it required thirty seconds to warm up; and (3) he did not have the keys.

Viewed in the light most favorable to the State, the evidence shows that Hagen had actual physical control of his pickup. Kosola testified when he shook Hagen, that Hagen stated he had to go to work and started his pickup. Hagenþs wife testified that although she may have given Hagen the keys to her sonþs truck, that there was a worn key which could fit Hagenþs pickup. This evidence was before the jury, which was free to accept or reject it when it found that Hagen was in actual physical control of a vehicle. It is well settled that witness credibility and the weight to be given that testimony are to be determined by the trier of fact, and findings on disputed questions of fact and credibility will not be disturbed on appeal. State v. Moreno (1990), 241 Mont. 359, 361, 787 P.2d 334, 336. We conclude that a rational trier of fact could have found beyond

a reasonable doubt that Hagen exercised actual physical control over his vehicle.  We hold that there was sufficient evidence for a jury to convict Hagen of driving under the influence.

In his reply brief, Hagen argues for the first time that the State did not offer, and the District Court did not instruct the jury on the definition of "actual physical control."  There are two problems with Hagenþs argument.  First, he did not object at trial or offer an instruction of his own.  Second, he raised the issue for the first time in his reply brief, which as explained above does not make the issue proper for consideration pursuant to Rule 23, M.R.App.P.

Affirmed.


/S/  J. A.  TURNAGE

We concur:

/S/  JIM REGNIER
/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER