No. 99-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 148N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KIM CONRAD WARDELL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

John R. Quatman, Quatman, Wilson & Quatman, Whitefish, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Thomas Esch, County Attorney, Kalispell, Montana

---

Submitted on Briefs: May 4, 2001

Decided: August 9, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Kim Conrad Wardell was convicted by a jury in the Eleventh Judicial District Court, Flathead County, of failure to register as a sexual offender. He appeals. We affirm.

3. ¶Wardell raises four issues on appeal:

4. ¶1. Whether the persistent felony offender statute, § 46-18-501, MCA, violates double jeopardy protections when applied to a conviction for failing to register as a sex offender under § 46-23-507, MCA.

5. ¶2. Whether application of the persistent felony offender statute to increase Wardell's sentence by 40 years, for a total of 45 years, creates a sentence so disproportionate that it violates his right against cruel and unusual punishment.

6. ¶3. Whether application of the 1995 amendment to § 46-23-507, MCA, increasing the penalty for failure to register from a misdemeanor to a felony violates the state and federal prohibitions against ex post facto legislation.

7. ¶4. Whether the 1995 amendment to § 46-23-507, MCA, violates equal protection by creating the potential for grossly disparate sentences being imposed on similarly situated defendants.

8. ¶The State of Montana raises the threshold question of whether Wardell raised any of these issues in the District Court. Montana law generally precludes this Court from considering an alleged error unless the defendant made a timely objection before the trial court. Section 46-20-701, MCA. None of the exceptions to the rule set forth at § 46-20-701(2), MCA, is present, or is claimed to be present, in this case. While Wardell suggests that this contemporaneous objection rule applies only as to matters which occur during trial, and not as to matters which occur during sentencing, he is incorrect. We previously have followed the rule as to alleged errors in sentencing. *See State v. Swoboda* (1996), 276 Mont. 479, 481, 918 P.2d 296, 298 (citations omitted).

1. ¶Wardell's sentencing brief in the District Court included the following comment:

Further, there seems to be a double punishment issue in this matter. [The probation/parole officer] is suggesting that the same prior conviction be used to establish the status of unregistered offender and then to be used to establish persistent offender status. It is our

contention that having sentenced Mr. Wardell as an unregistered sex offender, the Court cannot then use the same prior to boot strap Mr. Wardell to a higher sentence i.e. persistent offender.

In addition, Wardell's counsel made the following comment at the sentencing hearing:

The whole deal with sentencing him as a persistent felony offender almost smacks of a double punishment issue, where you use the prior conviction to form a status where you have to register, and you sentence him on that, and then you use the prior conviction to form another status, which is called persistent felony offender, and you sentence him on that.

These two comments constitute the entire reference by Wardell in the District Court to any of the constitutional issues he now raises on appeal.

1. ¶The above written and oral comments by Wardell's counsel did not even remotely place at issue any constitutional question about whether or not Wardell's sentence violated the cruel and unusual punishment, ex post facto effect, and equal protection clauses. As to those issues, Wardell's counsel made absolutely no reference, motion or objection. We conclude Wardell totally failed to raise the matters he sets forth on appeal as his Issues 2, 3, and 4 in the District Court.

2. ¶Wardell's written and oral comments in the District Court did, however, allude to the question he raises as Issue 1 on appeal. However, an objection must be specific in order to preserve the issue for appeal. *State v. Huerta* (1997), 285 Mont. 245, 261, 947 P.2d 483, 493. A trial objection which is general in nature and does not specify what authority, rule, statute, or constitutional provision might be violated by the court's decision is insufficient to preserve that issue for appeal. *State v. Loh* (1996), 275 Mont. 460, 479, 914 P.2d 592, 603-04. In *State v. Weeks* (1995), 270 Mont. 63, 85, 891 P.2d 477, 490-91, we held that an objector has an obligation to make the basis and grounds for his or her objection clear to the trial court so that the court has an opportunity to correct itself, and that broad, general objections do not suffice.

3. ¶Even though the State notified Wardell two and one-half months before trial that it

would seek to treat him as a persistent felony offender, the record establishes his only objection and argument were the above-referenced broad, general comments; he provided the District Court no briefing, no analysis, and no citation to supporting authority. We conclude that Wardell did not preserve a double jeopardy issue in the District Court for review on appeal.

4. ¶With regard to his failure to preserve for appeal any of the issues now raised, Wardell requests plain error review of the constitutional issues he raises on appeal. He argues, pursuant to *State v. Finley* (1996), 276 Mont. 126, 915 P.2d 208, that failure to resolve those issues would result in a manifest miscarriage of justice and/ or would compromise the integrity of the judicial process. Indeed, the dissenters apply plain error review and embrace Wardell's disproportionality/cruel and unusual punishment argument. While that argument might more appropriately be raised before the Sentence Review Board or in a petition for postconviction relief alleging ineffective assistance of counsel, we all agree it could be resolved here only via plain error review. We cannot properly apply the plain error doctrine in the present case, however.

5. ¶Wardell did not request plain error review in this Court until page 14 of his 15-page reply brief. Legal theories raised for the first time in an appellant's reply brief are outside the scope of such a brief and this Court does not address them. *See* Rule 23(c), M.R.App.P.; *Loney v. Milodragovich, Dale & Dye, P.C.* (1995), 273 Mont. 506, 512, 905 P.2d 158, 162. More specifically, we previously have declined to engage in plain error review where the request was first raised in an appellant's reply brief. *See State v. Hagen* (1997), 283 Mont. 156, 159, 939 P.2d 994, 996; *State v. Raugust*, 2000 MT 146, ¶¶ 18-20, 300 Mont. 54, ¶¶ 18-20, 3 P.3d 115, ¶¶ 18-20. We decline to do so again here.

6. ¶We hold that Wardell has waived Issues 1, 2, 3, and 4 by failing to properly raise them in the District Court.

7. ¶Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

Justice Jim Rice specially concurring:

¶17 I concur in the Court's opinion affirming the District Court on all issues raised in the appeal. However, on the double jeopardy issue, I conclude that Wardell's argument fails under a different rationale than that employed by the majority.

¶18 In both his sentencing brief and his argument at the sentencing hearing, Wardell's counsel argued that application of the persistent felony offender statute constituted "a double punishment issue," and on each occasion proceeded to explain the basis of his objection to the statute's application. I believe Wardell's counsel sufficiently raised the issue in the District Court to preserve it for appeal.

¶19 Wardell contends that the persistent felony offender statute, § 46-18-501, MCA (1997), is unconstitutional as applied to him. Relying on *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, Wardell argues that his prior sexual crime conviction was an element of his second conviction for failure to register as a sex offender, and that it is violative of the double jeopardy protections of Article II, Section 25, Montana Constitution, to also use the prior conviction to enhance his sentence under the persistent felony offender statute.

¶20 In 1989, Wardell was convicted in South Dakota of Sexual Contact with a Child Under Sixteen, a felony. That conviction classified him as a sexual offender under § 46-23-502, MCA (1997). He was then convicted of knowingly failing to register as a sexual offender under § 46-23-507, MCA (1997). Wardell's prior sexual offense and his present offense for failure to register involve separate and distinct acts and constitute separate felonies. It was the fact of Wardell's convictions of these two separate felonies which subjected him to the persistent felony offender statute, a sentence enhancement provision applied without regard to the nature or elements of the particular felonies committed. As such, this case is not analogous to *Guillaume*, which invalidated the application of a sentencing enhancement provision for use of a weapon to a single offense which had already been elevated from a misdemeanor to a felony based upon proof of the same act. Thus, application of the persistent felony statute was appropriate here and did not violate the constitutional prohibition against double jeopardy.

¶21 For these reasons, the District Court is properly affirmed.

/S/ JIM RICE


Justice Terry N. Trieweiler concurring in part and dissenting in part.


1. ¶I dissent from the majority's conclusion that the Defendant, Kim Conrad Wardell, did not adequately raise the issue of double jeopardy in the District Court to preserve the issue for appeal. The purpose of the contemporaneous objection rule is to put the district court and opposing party on notice of a potential error so that it can be avoided if possible. Here, the defendant's attorney specifically advised the District Court that there was ". . . a double punishment issue in this matter." Nothing more than that was required to bring the issue of double jeopardy to the District Court's and the State's attention. While a more specific objection may have been more persuasive to the District Court, to require a more specific objection for the purpose of preserving the issue for appeal is unrealistic and simply ignores the manner in which issues are raised as a practical matter in trial courts.

2. ¶However, having concluded that the issue of double jeopardy was properly raised in the District Court, I also conclude that the double jeopardy protection afforded by Article II, Section 25 of the Montana Constitution has not been offended. The prohibition against double jeopardy protects against the imposition of more than one punishment for the same act. In this case Wardell was punished separately for three separate acts. First, he was punished in South Dakota for sexual assault. Second, he was punished in Montana for failure to register as a prior offender. Finally, his punishment was enhanced because of the commission of two different felonies within a specified period of time. Although both prior felonies form the basis for sentence enhancement, it is the combination of those felonies for which the additional penalty was imposed rather than for either separate offense. For these reasons, I conclude that the prohibition against multiple punishments for the same offense has not been offended.

3. ¶I concur with the majority's conclusion that Wardell made no specific objection to his sentence based on the prohibitions against ex post facto laws and cruel and unusual punishment or based on his right to equal protection of the law. However, I dissent from the majority's refusal to review his claim that his punishment was cruel

and unusual based on the plain error doctrine. In *State v. Finley* (1996), 276 Mont. 126, 137, 915 P.2d 208, 215, we held that:

This court may discretionally review claimed errors that implicate a criminal defendant's fundamental constitutional rights even if no contemporaneous objection is made . . . where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceeding or may compromise the integrity of the judicial process.

1. ¶Because I conclude that a 45-year sentence for failure to register as a sex offender was disproportionate to the offense committed and therefore cruel and unusual, I also conclude that refusal to review this sentence would result in a "manifest miscarriage of justice" and that the sentence should, therefore, be reviewed pursuant to the plain error doctrine.

2. ¶Article II, Section 22 of the Montana Constitution prohibits imposition of punishment by the State which is cruel and unusual. In *State v. Vernon Kills On Top* (1996), 279 Mont. 384, 928 P.2d 182, we held that sentences which are grossly disproportionate to the crime for which a defendant is convicted are a violation of this prohibition. In *State v. Tadewaldt* (1996), 277 Mont. 261, 271, 922 P.2d 463, 469, we held that when a sentence is so disproportionate to the crime for which it is imposed that it shocks the conscience and the moral sense of the community or of justice, it constitutes cruel and unusual punishment.

3. ¶I conclude that the 45-year sentence imposed on Wardell for failure to register as a sex offender is so grossly disproportionate to his offense that it outrages any acceptable sense of justice and therefore constitutes cruel and unusual punishment. In arriving at that conclusion, I have considered the following facts:

4. ¶Wardell's only other conviction for a felony offense occurred on December 1, 1989, when he was convicted of sexual contact with a child under the age of 16 in South Dakota. However, he was sentenced and punished for that offense and discharged his sentence in 1997. He moved to Kila, Montana, in mid-1997 and was charged a year later with failure to register in this State as a sex offender in violation of § 46-23-507, MCA. However, that offense when originally enacted was a simple misdemeanor. Its primary purpose was informative, not preventative. It is a non-violent offense and in this case there was no victim. There is a clear legislative intention that courts consider alternatives to imprisonment for non-violent felonies. See § 46-18-201(11), MCA. Furthermore, counsel for the defendant argued, and it

was not denied, that the only four others convicted of a similar crime in Montana have received suspended sentences and none have served time in jail.

5. ¶Taking up scarce and expensive prison space for potentially 45 years because of a person's simple failure to notify others of a crime for which he has already paid his debt to society is truly outrageous, and a waste of state resources.

6. ¶The majority refuses to consider whether the District Court's sentence was disproportionate to the offense committed because the issue was not raised in the District Court and was raised for the first time on appeal in Wardell's reply brief. In other words, the majority refuses to consider Wardell's constitutional argument pursuant to the common law plain error doctrine based on its conclusion that Wardell is procedurally barred from asserting plain error.

7. ¶In addition to the fact that plain error would logically be asserted in a reply brief after a respondent alleges that an issue raised for the first time on appeal is procedurally barred, the majority's conclusion is inimical to the whole idea of common law plain error. The common law plain error doctrine is based on the principle that courts have an obligation to enforce the constitution when the fundamental fairness of a judicial proceeding is placed at issue and that courts will not shirk that responsibility based on procedural omissions of a party's attorney. The whole idea is that if an issue is of sufficient constitutional significance and affects the very integrity of the proceeding being reviewed, this Court can consider the issue at any time without regard to normal procedural bars. The purpose of and history behind common law plain error was thoroughly considered by this Court in *State v. Finley* (1996), 276 Mont. 126, 915 P.2d 208. In that case we were asked to decide on appeal whether the defendant's right to due process and privilege against self-incrimination had been violated when the prosecutor commented on his post-arrest silence. The defendant conceded that his counsel did not object to the prosecutor's comments at trial and that he did not meet the requirements of statutory plain error set forth at § 46-20-701(2), MCA. We characterized the issue as follows:

Accordingly, in this case we are faced squarely with the question of whether the doctrine of common law plain error review can continue to survive given the existence of Montana's plain error statute. We conclude that it can and must.

276 Mont. at 132.

1. ¶We pointed out that, ". . . The federal judiciary and many state courts invoke the common law doctrine of plain error to prevent manifest injustice. (Citations

omitted)," 276 Mont. at 134. We cited the following federal authority with approval:

The United States Supreme Court adopted the common law doctrine of plain error in order to correct errors that affect the fundamental constitutional rights of defendants. Noting that the doctrine of plain error "*confers a discretion that may be exercised <u>at any time</u>, no matter what may have been done at some other time,*" the Court stated that the doctrine is most appropriately invoked when "rights are asserted which are of such high character as to find expression and sanction in the Constitution or Bill of Rights." *Weems v. United States* (1910), 217 U.S. 349, 362, 30 S.Ct. 544, 547, 54 L.Ed. 793, 796; see also *United States v. Smith* (11th Cir. 1983), 700 F.2d 627, 633 (stating a court is more likely to review errors of constitutional magnitude). Adoption of the federal rules of criminal procedure ratified a federal appellate court's inherent power to notice errors that are obvious, or would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Atkinson* (1936), 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555, 557. (Italics and underlining added for emphasis).

276 Mont. at 134.

1. ¶We gave the following rationale for the plain error doctrine:

Moreover, the power of such review is inherent in the appellate process itself. Appellate courts have the inherent duty to interpret the constitution and to protect individual rights set forth in the constitution and necessarily have the correlative authority to invoke the plain error doctrine in order to carry out those duties. See *Marbury v. Madison* (1803), 5 U.S. (1 Cranch) 137, 173-74, 2 L.Ed. 60; Laurence H. Tribe, American Constitutional Law § 3-5, at 21-34 (2 ed. 1987). This power to interpret the constitution and to protect individual rights stems from the constitution being the "fundamental and paramount law of the nation," that courts recognize and apply. *Marbury*, 5 U.S. at 177.

. . .

Thus, the Montana Supreme Court has the inherent power and obligation to interpret the constitution, to protect individual rights, and, correspondingly, to review lower court decisions and actions for error.

276 Mont. at 135.

1. ¶Refusing to consider a constitutional issue which affects the very integrity of the underlying judicial proceeding based on a procedural bar such as failure to raise the issue until the appellant's reply brief, is completely inconsistent with the rationale that we gave in *Finley* for adopting the common law plain error doctrine in spite of a more restrictive statutory plain error rule. That is, perhaps, why the majority opinion provides no discussion nor analysis of *Finley*. Instead, the majority make perfunctory reference to *State v. Hagen* (1997), 283 Mont. 156, 159, 939 P.2d 994, 996, and *State v. Raugust*, 2000 MT 156, ¶¶ 18-20, 300 Mont. 54, ¶¶ 18-20, 3 P.3d 115, ¶¶ 18-20. However, neither case involves rights of similar magnitude; neither case includes any analysis of the common law plain error doctrine; and neither case provides a rationale for creating a procedural bar to a doctrine which is, in itself, an exception to procedural bars. Therefore, neither case should be relied on.

2. ¶Hagen appealed from a conviction of driving under the influence of alcohol. On appeal he contended for the first time that his due process rights were violated through introduction of evidence obtained by an improperly calibrated intoxilyzer. He raised the issue based not on evidence at trial but on newspaper articles published subsequent to trial. In his original appellate brief he relied on statutory plain error for his right to raise the issue. However, in his reply brief, he relied on common law plain error as set forth in *State v. Finley*. With no discussion nor analysis, we simply stated that an issue raised for the first time in a reply brief cannot be considered on appeal. We cited *State v. Mummey* (1994), 264 Mont. 272, 281, 871 P.2d 868, 873. However, *Mummey* was not relevant authority because it had nothing to do with common law plain error nor in that case was a constitutional issue raised for the first time in the defendant's reply brief.

3. ¶*State v. Raugust* is equally unpersuasive. In that case the defendant, who was convicted of deliberate homicide and arson, argued for the first time on appeal that the district court erred when it instructed the jury that it could not consider evidence of intoxication. Although not argued in his opening brief, he contended for the first

time at the end of his reply brief that the issue should be reviewed based on the common law plain error doctrine. Citing our prior decision in *State v. Hagen*, this Court refused to consider plain error for the reason that it was raised for the first time in appellant's reply brief. However, beyond reliance on *State v. Hagen*, there was no analysis in the *Raugust* decision of how or why courts which have inherent constitutional authority to consider constitutional violations which affect substantial rights "at any time" can be procedurally barred from doing so.

4. ¶To the extent that *State v. Hagen* and *State v. Raugust* hamper this Court from effectively performing its constitutional obligation to correct errors that affect the fundamental constitutional rights of defendants "at any time, no matter what may have been done at some other time," I decline to follow those decisions and would overrule them.

5. ¶For these reasons I would conclude that the District Court's sentence violated the constitutional prohibition against cruel and unusual punishment. I would vacate that sentence and remand to the District Court for further proceedings consistent with the constitution.

/S/ TERRY N. TRIEWEILER

Justices Jim Regnier and Patricia O. Cotter join in the foregoing concurring and dissenting opinion.

/S/ JIM REGNIER

/S/ PATRICIA COTTER

Justice Patricia Cotter specially concurring:

¶39 I join in Justice Terry N. Trieweiler's dissenting opinion in its entirety, and offer the following additional ground for reversal.

¶40 As Justice Trieweiler points out in ¶ 7 of his dissent, counsel for the defendant argued, and it was not denied by the State, that the only four other persons convicted of a similar crime in Montana have received suspended sentences and none have served time in jail.

¶41 Wardell was sentenced in December 1998. In 1997, the Montana Legislature amended § 46-18-101, MCA, with respect to correctional and sentencing policy, by adding the following provision:

**(3)** To achieve the policy outlined in (2) [subsection (2) sets out the correctional and sentencing policy of the State of Montana], the State of Montana adopts the following principles:

(a) Sentencing and punishment must be certain, timely, consistent, and understandable.

(b) Sentences should be commensurate with the punishment imposed on other persons committing the same offenses. . . .

¶42 It is inarguable that a 45-year sentence for failure to register as a sex offender is completely inconsistent with and disproportionate to the suspended sentences received by the other persons convicted of committing the same offense. Therefore, not only does the 45-year sentence imposed on Wardell constitute cruel and unusual punishment, it is also in absolute violation of this State's correctional and sentencing policies as outlined in § 46-18-101(3)(a) and (b), MCA. For these reasons and those articulated by Justice Trieweiler, I would vacate Wardell's sentence and remand to the District Court for further proceedings consistent with Montana's declared correctional and sentencing policies, as well as the Montana Constitution.

/S/ PATRICIA COTTER