No. 05-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 49N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ANDREW JOSEPH MITCHELL,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DC 2003-334
The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Suzanne C. Marshall, Marshall Law Firm, P.C., Bozeman, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Jon Ellingson, Assistant Attorney General, Helena, Montana

            Marty Lambert, County Attorney; Eric Kitzmiller, Deputy County Attorney, Bozeman, Montana

_____

Submitted on Briefs:  December 29, 2005

Decided:  March 7, 2006

Filed:

           _____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      We have determined that it is appropriate to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶3      Andrew Joseph Mitchell (Mitchell) appeals his convictions of assault with a weapon, a felony, in violation of § 45-5-213, MCA, and driving under the influence of alcohol, a misdemeanor in violation of § 61-8-401, MCA, resulting from a jury trial.  The jury acquitted Mitchell of a charge of assault on a peace officer.  Mitchell was also charged with robbery, however, the District Court directed a verdict of acquittal on that charge.

¶4      Cab driver Martin Reese (Reese) responded to Mitchell's request for a ride home from a bar in Belgrade during the early morning hours of November 7, 2003.  After Mitchell got in the cab, an argument and physical altercation ensued between him and Reese.  This resulted in Mitchell gaining control of the cab, ejecting Reese and allegedly trying to run over him.  Reese was not hit or injured by the cab.  Following a series of events that do not involve the issues presented, the police eventually arrested Mitchell.

¶5 Apprehension of serious bodily injury on the part of the victim is an element of the particular assault with which Mitchell was charged. Section 45-5-213(1)(b), MCA. Mitchell presented the defense that Reese was not afraid during the incident in question. He contends that the District Court committed structural error when it did not allow him to impeach Reese at trial by playing to the jury the complete tape of a recorded statement Reese made to the police following the assault. Mitchell desired to play the complete statement to demonstrate that Reese did not assert he feared for his life when Mitchell had tried to run over him, but rather that the police suggested to him the element of fear or apprehension.

¶6 The evidentiary decision to play a tape is discretionary. *State v. Nobach*, 2002 MT 91, ¶ 13, 309 Mont. 342, ¶ 13, 46 P.3d 618, ¶ 13. If error occurred, we then determine whether it was structural error or trial error. Structural error results in automatic reversal; trial error must be prejudicial before it will be reversed. *Nobach*, ¶ 13. The alleged error in the present case occurred during the presentation of the case to the jury and involved a court's discretionary evidentiary ruling. Such a decision would not constitute structural error. *See State v. Van Kirk,* 2001 MT 184, ¶ 40, 306 Mont. 215, ¶ 40, 32 P.3d 735, ¶ 40; *State v. Runs Above*, 2003 MT 181, ¶ 24, 316 Mont. 421, ¶ 24, 73 P.3d 161, ¶ 24 (determining that the district court's evidentiary decision to allow hearsay testimony at trial was trial error).

¶7 The District Court did not allow Mitchell to play the lengthy tape to show what was not said. The District Court ordered that Mitchell could prepare a transcript of the tape, or give Reese the opportunity to review it, and then ask questions. Mitchell neither prepared a transcript nor recalled Reese to the stand. However, during his cross-

3

examination, Reese did answer affirmatively when Mitchell's counsel asked whether it was the police officer that first suggested to Reese that he was afraid of Mitchell. Thus, Mitchell successfully elicited the exact fact playing the tape would have shown. The District Court's decision to deny Mitchell's motion to play the entire tape did not prejudice Mitchell and, consequently, is not subject to reversal. *Nobach*, ¶ 13; Section 46-20-701(1), MCA.

¶8 Mitchell also alleges that the State failed to present sufficient evidence to support the jury's guilty verdict for driving under the influence of alcohol. He argues that there was no evidence of his blood alcohol content, or of exactly how much he had to drink. The State argues that Mitchell's failure to move for a directed verdict precludes him from raising the issue on appeal. This Court, however, will consider on appeal the sufficiency of evidence absent a motion for directed verdict. *State v. Hagen* (1997)*,* 283 Mont. 156, 159, 939 P.2d 994, 997.

¶9 The State is not required to produce evidence of a quantifiable blood alcohol content to prove a person drove under the influence of alcohol. *State v. Price*, 2002 MT 150, ¶ 19, 310 Mont. 320, ¶ 19, 50 P.3d 530, ¶ 19. Section 61-8-404(3), MCA, allows the State to provide "other competent evidence" that the defendant was under the influence of alcohol.

¶10 We review the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Shields*, 2005 MT 249, ¶ 14, 328 Mont. 509, ¶ 14, 122 P.3d 421, ¶ 14. A jury is able to view firsthand the evidence presented, observe the demeanor of the witnesses, and weigh

the credibility of each party. Thus, we will not substitute our judgment for the jury's when considering the sufficiency of the evidence. *Shields*, ¶ 20.

¶11 The State presented five eyewitnesses that testified, *inter alia*, that Mitchell "was wasted," "obviously intoxicated," and that his speech was "very slurred." The jury heard the witnesses and was free to accept or reject their testimony. When viewed in the light most favorable to the State, we conclude that the State presented sufficient evidence to enable a rational trier of fact to find beyond a reasonable doubt that Mitchell was under the influence of alcohol when he drove the cab.

¶12 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON

5