No. 98-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 146

300 Mont. 54

3 P.3d 115

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD RAUGUST,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Amy N. Guth, Attorney at Law, Libby, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Pamela P. Collins,

and Joseph E. Thaggard, Assistant Attorneys General, Helena, Montana

Robert Zimmerman, Sanders County Attorney; Robert Slomski Former

Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs: December 29, 1999

Decided: June 1, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Richard Raugust appeals from the convictions and sentencing contained in the judgment entered by the Twentieth Judicial District Court, Sanders County. We affirm.

¶2 Raugust presents the following issues on appeal:

¶3 1. Whether the District Court abused its discretion when it instructed the jury that it could not consider intoxication in determining the existence of a mental state, which is an element of the offense?

¶4 2. Whether the District Court abused its discretion when it denied Raugust the opportunity to present contemporary statements made by him prior to, and at the time of, his arrest?

¶5 3. Whether comments made by the prosecutor during closing argument deprived Raugust of a fair trial?

## BACKGROUND

¶6 On August 12, 1997, Richard Raugust was charged by Information with four separate

counts: Count I-deliberate homicide, a felony, in violation of § 45-5-102(1)(a), MCA; Count II-attempted arson, a felony, in violation of § 45-4-103 and § 45-6-103, MCA; Count III-tampering with or fabricating physical evidence, a felony, in violation of § 45-7-207(1)(a), MCA; and Count IV-attempted tampering with or fabricating physical evidence, a felony, in violation of §§ 45-4-103 and 45-7-207(1)(a), MCA.

¶7 With regard to Count I, the State specifically alleged that on or about July 24, 1997, Raugust purposely or knowingly caused the death of Joe Tash by shooting him in the head with a shotgun. As to Counts II and IV, the State alleged that on or about July 24, 1997, Raugust performed an act toward the commission of arson and tampering with physical evidence with the purpose of committing such offenses when he set fire to a fifth-wheel trailer containing the body and personal property of Joe Tash. As to Count III, the State alleged that on or about July 24, 1997, Raugust, believing that an official proceeding or investigation was pending or about to be instituted, altered or destroyed a .12 gauge shotgun by fire with the purpose of impairing its availability in such proceeding or investigation.

¶8 At arraignment, Raugust signed a written acknowledgment of rights before entering a plea of not guilty with respect to all charges. A jury trial commenced on March 19, 1998. Following deliberations on March 26, 1998, the jury found Raugust guilty of Count I-deliberate homicide; Count II-attempted arson; and Count IV-attempted tampering with or fabricating physical evidence. With regard to Count III-tampering with or fabricating physical evidence, the jury found Raugust not guilty.

¶9 The District Court conducted a sentencing hearing on June 9, 1998. After amendments to the presentence report, sentencing recommendations from defense counsel and the prosecution, and a statement by Raugust, the District Court sentenced Raugust to life in prison on Count I-deliberate homicide; 20 years on Count II-attempted arson; and 10 years on Count IV-attempted tampering with or fabricating physical evidence. The sentences imposed on Counts II and IV were ordered to run concurrent with the sentence imposed on Count I. Raugust was also sentenced to an additional 10 years for the use of a weapon in the commission of an offense to run consecutive to the sentences imposed on Counts I, II, and IV.

¶10 The District Court rendered judgment on June 9, 1998, referencing Raugust's convictions and incorporating the sentences imposed. Raugust appeals from the convictions and sentences imposed by the District Court.

## ISSUE 1

¶11 Whether the District Court abused its discretion when it instructed the jury that it could not consider intoxication in determining the existence of a mental state, which is an element of the offense?

¶12 The standard of review for jury instructions in a criminal case is whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. *See State v. Weaver*, 1998 MT 167, ¶ 28, 290 Mont. 58, ¶ 28, 964 P.2d 713, ¶ 28 (citations omitted). In addition, we note that a district court has broad discretion when it instructs a jury. *See Weaver*, ¶ 28 (citations omitted).

¶13 Raugust alleges that the District Court erred when it instructed the jury that it could not consider evidence of intoxication for any purpose pursuant to § 45-2-203, MCA. Raugust argues that depriving him of the ability to admit intoxication evidence lessened the State's burden of proof and confused the jury in violation of his due process rights guaranteed by Article II, Section 17 of the Montana Constitution.

¶14 The State contends that Raugust waived this argument because he did not object to the instruction on the ground that it violated his due process rights in the court below. The State also notes that Raugust did not request this Court to review this issue under the common law plain error doctrine in his opening brief. Further, the State contends that the instruction was justified by Raugust's testimony that he was intoxicated on the night of the murder and that Raugust has failed to demonstrate any prejudice as a result of the instruction being given.

¶15 With regard to jury instructions, § 46-16-410(3), MCA, provides:

> A party may not assign as error any portion of the instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions.

We have previously recognized that "[o]bjections to jury instructions proposed by the opposing party serve the same functions as evidentiary objections." *State v. Grimes*, 1999 MT 147, ¶ 39, 295 Mont 22, ¶ 39, 982 P.2d 1037, ¶ 39. Rule 103(a)(1), M.R.Evid., requires a timely objection to the admission of evidence, along with the specific ground of objection if not apparent from the context, because "[t]he function of the objection is, first,

to signify that there is an issue of law and, second, to give notice of the terms of the issue." *Grimes*, ¶ 39 (quoting 1 Wigmore on Evidence § 18 (Tiller rev.1998)). Consequently, "[t]he specific ground for the objection is essential for the objection to be good." *State v. Walker* (1966), 148 Mont. 216, 223, 419 P.2d 300, 304.

¶16 At issue is Instruction No. 19 offered by the State, which read as follows:

> A person who is in an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a mental state which is an element of the offense unless the Defendant proves that he did not know that it was an intoxicating substance when he consumed, smoked, sniffed, injected, or otherwise ingested the substance causing the condition.

The following exchange took place during the final settling of jury instructions at the close of the evidence with respect to this instruction:

> THE COURT: The defendant also had an objection to State's 19, which is the intoxication not a defense. You may make your record of that objection.
>
> DEFENSE COUNSEL: Your Honor, we have never submitted in this case that the defendant did in fact what he's accused of, but that he was intoxicated or otherwise impaired because of drugs or alcohol that would not-that would affect his ability to be criminally responsible. Our theory has been all along that he is not criminally responsible because he wasn't there and he didn't do anything. Therefore, I again think this instruction is improper and tends to confuse the jury.
>
> THE COURT: Well, that proposed instruction is in MCJI 2-2-03 and will be given as Court's 19.

¶17 The error urged on appeal by Raugust was not contained in the record of the objection to the instruction made during the final settling of jury instructions. Thus, Raugust has waived this argument on appeal and none of the circumstances listed in § 46-20-701(2), MCA, apply. Therefore, Raugust is barred from raising this issue on appeal.

¶18 However, at the end of his reply brief Raugust contends that the giving of Instruction No. 19 by the District Court was plain error and this Court should review this error

pursuant to the common law plain error doctrine. Subsequently, the State filed a Motion to Strike Raugust's request for plain error review on the basis that he was raising a legal theory for the first time in his reply brief.

¶19 We have previously declined to invoke the plain error doctrine where a party has made a request for plain error review for the first time in his reply brief. *See State v. Hagen* (1997), 283 Mont. 156, 159, 939 P.2d 994, 996. Pursuant to Rule 23, M.R.App.P., "[a]n issue first raised in a reply brief is not properly raised for consideration on appeal." *Hagen*, 283 Mont. at 159, 939 P.2d at 996 (citation omitted). As a result, we decline to address this issue under our inherent power of common law plain error review.

¶20 A review of the jury instructions given by the District Court reveals that the jury was instructed on: (1) the elements of each offense charged and the State's burden of proving each element beyond a reasonable doubt; (2) the definition of the mental states, purposely and knowingly; (3) that the existence of a mental state may be inferred from the acts of the accused and the facts and circumstances connected with the offense; (4) the difference between direct and circumstantial evidence; (5) witness credibility; and (6) the need for a unanimous verdict. Read as a whole, the jury instructions fully and fairly instruct the jury on the law applicable to the case. Accordingly, we conclude that the District Court did not abuse its discretion in instructing the jury.

## ISSUE 2

¶21 Whether the District Court abused its discretion when it denied Raugust the opportunity to present contemporary statements made by him prior to, and at the time of his arrest?

¶22 The standard of review for evidentiary rulings in a criminal case is whether the district court abused its discretion. *See State v. Gollehon* (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial court and will not be overturned absent a showing of an abuse of that discretion. *See Gollehon*, 262 Mont. at 301, 864 P.2d at 1263.

¶23 Raugust contends that on each occasion that he attempted to question witnesses regarding his prearrest statements, the prosecution objected on the grounds of hearsay. Raugust argues that the District Court erred in sustaining the prosecution's objections because these statements were not offered for the truth of the matter asserted, but to prove

his state of mind. In addition, Raugust argues that he was denied the opportunity to present a defense due to the District Court's exclusion of evidence reflecting a reasonable doubt as to his guilt.

¶24 The State asserts that a review of the references to the record provided by Raugust in support of his argument demonstrates that he failed to show the testimony was excluded, he failed to make an offer of proof with respect to the testimony, and he failed to inform the District Court that the statements were being offered for a nonhearsay purpose. As a result, the State argues that Raugust has waived this argument on appeal and, in addition, Raugust has failed to demonstrate any prejudice due to allegedly being denied the opportunity to present the testimony. We agree with the State.

¶25 The first reference to the record cited by Raugust in support of his argument is to witness testimony at trial indicating that when asked by the witness where Joe Tash was on the morning of July 24, 1997, Raugust stated that Joe was probably sleeping in and would be at work later. While the State objected to this testimony as "self-serving" hearsay, the District Court overruled the objection. Thus, this testimony was not excluded.

¶26 The second reference to the record cited by Raugust in support of his argument is to an objection by the State on the basis of "self-serving" hearsay made in response to defense counsel's question to the same witness regarding whether Raugust had told her where he had spent the night or what he had been doing. Raugust made no argument in response to the State's objection that the question was being asked for a nonhearsay purpose or that it was being asked to establish his state of mind on the morning of the murder. In addition, Raugust made no offer of proof regarding what he expected the witness' response to prove.

¶27 Early on, we established the rule in civil and criminal cases that:

> [W]here an objection to evidence is sustained, and the answer of the witness is not apparent, an offer of proof is necessary to enable the Supreme Court to review the ruling. The purpose of an offer of proof is to advise the court as to the nature of the evidence intended to be elicited by the challenged question, in order to enable the court to determine whether or not the ruling made was correct.

*State v. Jennings (1934), 96 Mont. 80, 88, 28 P.2d 448, 450 (quotations and citations omitted). Hence, the failure to make an adequate offer of proof results in a waiver of the issue on appeal. See Illinois v. Peeples (Ill. 1993), 616 N.E.2d 294, 310.*

¶28 Here, the State's objection on the basis of hearsay was sustained and Raugust made no offer of proof or argument with respect to why he felt the objection should be overruled. In addition, the witness' answer was not apparent. Thus, we conclude that Raugust waived his argument on appeal by failing to make an offer of proof once the objection had been sustained. Moreover, Raugust testified at trial regarding where he had spent the night and what he had been doing that evening.

¶29 Raugust's third reference to the record cited in support of his argument is to an objection made by his counsel in response to the State's cross-examination of him regarding whether he had ever used methamphetamine. Raugust's attorney objected on the basis of relevancy, contending that there had been no evidence that the parties involved had used any drug other than marijuana on the night in question or at any time relevant to this issue. The State argued that this testimony went to Raugust's credibility and the District Court overruled the objection. We fail to see how requiring Raugust to state whether he had ever used methamphetamine supports Raugust's argument that he was not allowed to present a defense or put forth evidence regarding his state of mind.

¶30 The fourth reference to the record cited by Raugust in support of his argument is to testimony by Officer Abbey regarding Raugust's reaction of disbelief upon being arrested. No objection was made by the State and no evidence was excluded. However, on the page immediately preceding Raugust's reference, the State made a hearsay objection when defense counsel asked Officer Abbey whether he recalled Raugust saying anything to him at the time of arrest. The District Court sustained this objection on the basis of hearsay. Again, Raugust made no argument in response to the State's objection, made no offer of proof regarding the testimony he was attempting to elicit, and the witness' answer to the question was not obvious. Thus, Raugust waived his argument on appeal. Moreover, Raugust testified at trial and his counsel had an opportunity to ask him what he had said to Officer Abbey at the time of his arrest.

¶31 Accordingly, we conclude that the District Court did not abuse its discretion in the instances referenced by Raugust where it denied Raugust the opportunity to present contemporary statements made by him prior to, and at the time of his arrest.

ISSUE 3

¶32 Whether comments made by the prosecutor during closing argument deprived

Raugust of a fair trial?

¶33 Raugust argues that the prosecution's closing argument deprived him of a fair trial. Raugust's first allegation of misconduct is that the prosecution misled the jury by stating a key prosecution witness had not been charged in another homicide which had occurred in Sanders County when the prosecutor knew that the witness may be charged in connection with that crime. Raugust's next allegation is that the prosecution attempted to shift the burden of proof to Raugust by arguing that Raugust had not proven his story. Raugust also contends that the prosecution diminished the State's burden of proving its case beyond a reasonable doubt by mentioning that the prisons were full of persons convicted beyond a reasonable doubt. Lastly, Raugust contends that the prosecution improperly commented on his guilt when it stated that he was "guilty as sin."

¶34 In response, the State contends that Raugust failed to object to these statements at trial and thus, has waived this issue on appeal. The State also asserts that no misconduct occurred and Raugust has failed to demonstrate prejudice as a result of the alleged misconduct. Although Raugust concedes that his trial counsel did not object to any of the previously mentioned comments, he asserts that the alleged prosecutorial misconduct is plain error, or in the alternative, that his trial counsel was ineffective.

¶35 Section 46-20-104(2), MCA, bars review of any alleged errors not objected to at trial:

> Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

*See also State v. Ogle (1992), 255 Mont. 246, 250-51, 841 P.2d 1133, 1135-36. Raugust does not contend that any of the allegations of prosecutorial misconduct fall within the exceptions listed in § 46-20-701(2), MCA.*

¶36 As a general rule, this Court will not address issues that were not raised at trial. *See State v. Finley* (1996), 276 Mont. 126, 135, 915 P.2d 208, 214. However, we have held that:

> [T]his Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA,

criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

*Finley, 276 Mont. at 137, 915 P.2d at 215. Given the legislature's intent to restrict plain error review by its enactment of § 46-20-701, MCA, our inherent power of common law plain error review is reserved for exceptional cases and is to be used sparingly. See State v. Miller, 1998 MT 177, ¶ 36, 290 Mont. 97, ¶ 36, 966 P.2d 721, ¶ 36 (citations omitted).*

¶37 Raugust urges this Court to invoke its inherent plain error review to avoid manifest injustice and the continued compromise of the integrity of the judicial process, which resulted from the prosecutor's comments during closing argument that allegedly violated Raugust's fundamental right to a fair trial, shifted the burden of proof to him, misled the jury, and imposed the prosecutor's personal opinion as to Raugust's guilt on the jury. Having reviewed the facts and circumstances of this case, we determine that it does not present the requisite exceptional case to invoke the common law plain error doctrine. The alleged errors were either misstatements of fact, taken out of context of the prosecutor's argument, constituted the State's analysis of the evidence, or later cured by the jury instructions. We conclude that none of the alleged errors, standing alone, or taken together, resulted in a manifest miscarriage of justice or compromised the integrity of the judicial process. Accordingly, we decline to address the constitutional issues raised in relation to the alleged prosecutorial misconduct.

¶38 Raugust also asserts that his counsel's failure to object to the prosecution's comments during closing argument was not a tactical decision, which constitutes ineffective assistance of counsel. In response, the State contends that no prosecutorial misconduct occurred and thus, Raugust's counsel was not constitutionally ineffective for failing to object. The State goes on to allege that Raugust has not shown any prejudice as a result of the comments.

¶39 We review claims of ineffective assistance of counsel pursuant to the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. *See Bone v. State* (1997), 284 Mont. 293, 303, 944 P.2d 734, 740. The two-part test set forth in *Strickland* for ineffective assistance of counsel is as follows:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires

showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064.

¶40 "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also State v. Hanson* (1997), 283 Mont. 316, 327, 940 P.2d 1166, 1173. "Under *Strickland*, judicial scrutiny of counsel's performance must be highly deferential and the reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. McLain* (1991), 249 Mont. 242, 245, 815 P.2d 147, 149 (citation omitted).

¶41 Upon careful review of the instances of prosecutorial misconduct alleged by Raugust, we determine that the prosecution's comments during closing argument were not improper. First, the prosecution's statement that a key prosecution witness had not been charged in connection with another homicide that had occurred in Sanders County was accurate at the time it was made and the statement was made in response to Raugust's account of this witness' connection to the previous homicide. Thus, the statement presented to the jury did not mislead them, nor was it misrepresented to them.

¶42 Second, Raugust's contentions that the prosecution attempted to shift the burden of proof to Raugust and attempted to diminish the State's burden of proving its case beyond a reasonable doubt are without merit. The references to the record cited by Raugust in support of this argument are as follows:

Let's go back to concrete reality because for all that talk in an hour and a half, this defendant and the defense attorney failed to offer any explanation for who, other than the defendant, could have driven that Eagle vehicle out of the crime scene that morning.

Let's talk real briefly, though, about the law. Reasonable doubt has been used in

every criminal case in this country. It's been in every criminal trial ever used in this country. It's not an impossible standard. The prisons are full of people who have been convicted beyond a reasonable doubt.

Now, I've been a prosecutor for nine years and I've done a lot of trials. And every time I hear a defense attorney get up and present to a jury that it's almost an impossible standard, it's not.

¶43 We have previously determined that "it is proper for a prosecutor to comment on conflicts and contradictions in testimony, as well as to comment on the evidence presented and suggest to the jury inferences which may be drawn therefrom." *State v. Gladue*, 1999 MT 1, ¶ 15, 293 Mont. 1, ¶ 15, 972 P.2d 827, ¶ 15 (citations omitted). In this case, the prosecution properly commented on conflicts and contradictions in the testimony, commented on the evidence presented, and suggested to the jury inferences that could have reasonably been drawn from the evidence. In addition, the State was merely responding to Raugust's analysis of the reasonable doubt standard of proof. Raugust has failed to show how the referenced comments shifted the burden of proof to Raugust or diminished the State's burden of proof.

¶44 Third, Raugust's contention that the prosecution improperly commented on his guilt when it stated that he was "guilty as sin" is also without merit. Rule 3.4(e) of the Montana Rules of Professional Conduct prohibits an attorney from stating a personal opinion as to the guilt or innocence of an accused during trial. We have previously expressed our disapproval of the State's use of the referenced simile. *See State v. Armstrong* (1980), 189 Mont. 407, 427, 616 P.2d 341, 352. However, as in *Armstrong*, we believe that when taken in context with the language of the remainder of the closing argument, the cited language appears to be based upon the State's analysis of the evidence and is not an expression of the State's personal opinion within the explicit purview of the disciplinary rules.

¶45 Consequently, there was no basis for Raugust's attorney to object to the referenced comments made by the prosecution during closing argument. As a result, Raugust cannot satisfy the first prong of the *Strickland* test to establish that his attorney provided ineffective assistance of counsel.

¶46 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER