No. 99-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 385N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JAMES ARTHUR SWARTZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. B. Wheatcroft, Attorney at Law, Miles City, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Pamela P. Collins,

Assistant Attorney General, Helena, Montana

Garry P. Bunke, Custer County Attorney; Coleen Magera, Deputy

County Attorney, Miles City, Montana

Submitted on Briefs: August 3, 2000

Decided: December 28, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 James Arthur Swartz (Swartz) appeals from the judgment entered by the Sixteenth Judicial District Court, Custer County, on a jury verdict finding him guilty of theft and of being a habitual traffic offender operating a motor vehicle. We affirm.

¶3 The issue on appeal is whether the District Court abused its discretion in denying Swartz's motion for a new trial based on improper jury instructions.

## BACKGROUND

¶4 On June 19, 1998, the Motor Vehicle Division of the Montana Department of Justice declared Swartz to be a habitual traffic offender for having accumulated 30 or more conviction points on his driving record related to the use of a motor vehicle and revoked his driver's license. He was duly served with notice of the habitual traffic offender declaration which stated, in part, that

> AS OF THIS DATE, YOU ARE NOT AUTHORIZED TO OPERATE A MOTOR VEHICLE IN THIS STATE FOR A PERIOD OF THREE YEARS.

The notice also referenced § 61-11-213, MCA, which provides that operating a motor vehicle in this state while declared to be a habitual traffic offender is a misdemeanor criminal offense.

¶5 On October 20, 1998, Swartz was charged by amended information with the offenses of theft, driving under the influence of alcohol and being a habitual traffic offender operating a motor vehicle. Following a jury trial, he was convicted of theft and being a habitual traffic offender operating a motor vehicle. Swartz moved the District Court for a new trial arguing, *inter alia*, the court improperly instructed the jury on the offense of being a habitual traffic offender operating a motor vehicle and his counsel rendered ineffective assistance by failing to object to the jury instruction given. The District Court denied the motion, sentenced Swartz and entered judgment on the conviction and sentence. Swartz appeals.

## STANDARD OF REVIEW

¶6 We review a district court's ruling on a motion for a new trial to determine whether the court abused its discretion. State v. Clay, 1998 MT 244, ¶ 13, 291 Mont. 147, ¶ 13, 967 P.2d 370, ¶ 13. Additionally, we review the adequacy of jury instructions to determine whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. State v. Hatten, 1999 MT 298, ¶ 56, 297 Mont. 127, ¶ 56, 991 P.2d 939, ¶ 56.

## DISCUSSION

¶7 Did the District Court abuse its discretion in denying Swartz's motion for a new trial based on improper jury instructions?

¶8 Swartz was charged with the offense of being a habitual traffic offender operating a motor vehicle in violation of § 61-11-213, MCA, which provides that

> [a] person who is declared to be a habitual traffic offender under this part who operates a motor vehicle in this state during the period of revocation of the person's driver's license or driving privileges is guilty of a misdemeanor . . . .

With regard to this offense, the District Court instructed the jury as follows:

## INSTRUCTION NO. 25

> The Defendant was declared a Habitual Traffic Offender by the Department of Justice, Motor Vehicle Division, on June 19, 1998. The Defendant's license was revoked for a period of three (3) years.

To convict the defendant of the offense of habitual traffic offender operating a motor vehicle, the State must prove the following:

1. was in actual physical control of a vehicle during the period of time that his driver's license was revoked.

If you find from your consideration of the evidence that this element has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of the evidence that this element has not been proved beyond a reasonable doubt then you should find the defendant not guilty.

¶9 Swartz contends that the District Court's Instruction No. 25 is an incorrect statement of the law because it states that the State of Montana (State) was required to prove that he was in actual physical control of a vehicle, while § 61-11-213, MCA, requires the State to prove he "operated" a motor vehicle. Swartz fails to observe, however, that the court's Instruction No. 24 instructed the jury that "[a] person who is declared to be a habitual traffic offender who operates a motor vehicle in this state during the period of revocation of the person's driver's license or driving privileges is guilty of a violation of the law." This is a nearly verbatim recitation of § 61-11-213, MCA, and correctly instructs that the offense occurs when a person "operates" a motor vehicle. Thus, when the instructions are read together, they fully and fairly instructed the jury that the State was required to prove Swartz "operated" a motor vehicle. See Hatten, ¶ 56.

¶10 Moreover, Swartz testified at trial that he started the ignition of the vehicle in question and drove the vehicle backward a short distance. This action would constitute both being in actual physical control of and operating the vehicle. In light of this admission, it cannot be said that the District Court's Instruction No. 25 prejudiced Swartz by using the language "actual physical control of a vehicle" rather than "operated a vehicle." An error by the trial court is not reversible on appeal unless the error was prejudicial. Section 46-20-701(1), MCA.

¶11 Swartz also contends that, when he moved the vehicle in question, it was located on a private empty lot. He argues the State was required to prove he operated the vehicle on a public street or highway and the empty lot does not constitute such a public street or highway. In support of his argument, he relies on § 61-11-201, MCA, which states, in part,

that

> it is the purpose of this part to reduce the number of motor vehicle accidents in this state and to provide greater safety to the motoring public and others by denying to the habitual traffic offenders the privilege of operating a motor vehicle upon the public streets and highways of this state.

¶12 Section 61-11-201, MCA, sets forth the legislative purpose in enacting the statutes relating to habitual traffic offenders. The statute does not create a criminal offense. Rather, § 61-11-213, MCA, creates the criminal offense with which Swartz was charged, namely, being a habitual traffic offender operating a motor vehicle. As stated above, § 61-11-213, MCA, provides that it is a criminal offense for a person declared a habitual traffic offender to operate a motor vehicle "in this state . . . ." This phrase encompasses any locale within the boundaries of Montana and does not incorporate any distinction between private or public property; nor does it distinguish between street or highway and empty lot. Consequently, the State's only burden was to prove that Swartz operated a motor vehicle within Montana. Finally, the District Court's Instruction Nos. 24 and 25, read together, accurately instructed the jury of the State's burden in this regard. We conclude that the District Court's jury instructions fairly instructed the jury on the law regarding the offense of being a habitual traffic offender operating a motor vehicle.

¶13 Swartz also reiterates his District Court argument that his trial counsel rendered ineffective assistance by failing to object to the court's jury instructions regarding § 61-11-213, MCA. It is well-established that counsel's failure to object does not constitute ineffective assistance of counsel when the objection lacks merit and properly would have been overruled by the court. See, e.g., Kills on Top v. State (1995), 273 Mont. 32, 51, 901 P.2d 1368, 1385; State v. Baker (1995), 272 Mont. 273, 285, 901 P.2d 54, 61; Dawson v. State, 2000 MT 219, ¶ 108, 10 P.3d 49, ¶ 108, 57 St.Rep. 883, ¶ 108; State v. Raugust, 2000 MT 146, ¶ 45, 300 Mont. 54, ¶ 45, 3 P.3d 115, ¶ 45. Having concluded above that the District Court's jury instructions regarding the offense of being a habitual traffic offender operating a motor vehicle fairly stated the law, we further conclude that any objection to those instructions properly would have been overruled and the failure of Swartz's trial counsel to object to those instructions did not constitute ineffective assistance of counsel.

¶14 We hold the District Court did not abuse its discretion in denying Swartz's motion for a new trial based on improper jury instructions.

¶15 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER