JUSTICE TRIEWEILER
specially concurs.
*215 ¶18 I concur with the majority’s conclusion that Watson could not have properly raised his ineffective assistance of counsel claim on direct appeal because his counsel’s reasons for the conduct he complains of are not apparent from the record. I disagree with Justice Cotter that Dr. Lowell A. Stratton’s written report is sufficiently specific to explain counsel’s alleged omission.
¶19 I also disagree, however, with much of the language in the majority Opinion. Although I realize the idea did not originate with this Opinion, I disagree with the suggestion that in all instances, we must know counsel’s reason for acting or failing to act before we are able to decide on direct appeal whether effective assistance of counsel was provided to a criminal defendant. Specifically, I disagree with the language in ¶ 13 of the majority Opinion which states that, “if the record does not supply the reason for counsel’s act or omission, the claim must be raised by petition for postconviction relief. Harris, ¶ 21.”
¶20 There are some acts or omissions of counsel for which there is no acceptable tactical explanation and which must be decided on direct appeal lest those who have been the victims of ineffective assistance of counsel waste away in prison while proceeding at a snail’s pace through the tortuous criminal process only to have the critical issue decided in a proceeding in which they have no right to the assistance of counsel. The sweeping language of the majority Opinion suggests that very few ineffective assistance of counsel claims can be raised on direct appeal. I disagree.
¶21 There are many acts or omissions of counsel for which there is no satisfactory explanation and for which the answer to the question “why?” is irrelevant. One example is a failure of counsel to challenge jurors for cause who demonstrate clear bias during voir dire examination or meet some other statutory ground for disqualification. See State v. Chastain (1997), 285 Mont. 61, 947 P.2d 57. A more extreme example would be counsel’s failure to challenge a juror for cause and then use a peremptory challenge to excuse that same juror. By doing so, counsel would be denying his or her client the same number of peremptory challenges provided to the State. We have held that a greater number of peremptory challenges for the State is presumptively prejudicial. See State v. Williams (1993), 262 Mont. 530, 866 P.2d 1009, rev’d in part on other grounds; State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948; and King v. Special Resource Management (1993), 256 Mont. 367, 371-74, 846 P.2d 1038, 1040-42. Furthermore, there can be no tactical justification for using a defendant’s peremptory challenges to excuse jurors who could have *216 been excused for cause.
¶22 Other examples of where this Court has, in the past, considered claims of ineffective assistance of counsel on direct appeal without regard to “why” counsel acted or failed to act are given in State v. White, 2001 MT 149, 306 Mont. 58, 30 P.3d 340. State v. White preceded and formed the partial basis for State v. Harris, 2001 MT 231, 306 Mont. 525, 36 P.3d 372, on which the majority now relies. In State v. White, we observed that:
Generally, an alleged failure to object to the introduction of evidence, or to object to the testimony of a witness, or object to prosecutorial misconduct at trial has been deemed record-based, and therefore appropriate for direct appeal. See Hagen, ¶ 20 (citing cases and stating that “[t]he absence of an objection by counsel-that is, a failure to object-is a fact easily documented by reviewing the record...”). See also State v. Raugust, 2000 MT 146, ¶ 41, 300 Mont. 54, ¶ 41, 3 P.3d 115, ¶ 41; State v. Hanson (1997), 283 Mont. 316, 327-29, 940 P.2d 1166, 1173-74.
State v. White, ¶ 15.
Along these same lines, counsel’s own conduct at trial in presenting the defendant’s case-such as improperly eliciting damaging testimony from a witness, or rendering an improper opening statement or closing argument-may be pointed to as a record-based instance of ineffective representation.... [Citations omitted.]
State v. White, ¶ 17.
As indicated above, the failure to raise an objection, generally, has been deemed record-based, and therefore appropriate for direct appeal. See Hagen, ¶ 20. However, decisions regarding the timing and number of objections lie within counsel’s tactical discretion. Brown, 228 Mont. at 212, 741 P.2d at 430.
State v. White, ¶ 24.
¶23 There are any number of serious acts or omissions for which there is no legitimate explanation by defense counsel. Failing to object to state criticism of a defendant’s choice to remain silent; failing to object to a prejudicial jury instruction which is incorrect as a matter of law; failing to object to incriminating evidence which has been suppressed by the trial court; and failure to object to improper, inflammatory and prejudicial comments of the prosecution are all examples of ineffective assistance of counsel for which the answer to “why” is irrelevant.
¶24 The language of the majority Opinion which mirrors and expands on language in previous majority opinions is overly broad and will *217 eventually have serious consequences for some individual sitting in prison awaiting an opportunity to demonstrate that he or she does not belong there because that person was denied his or her Sixth Amendment right to effective assistance of counsel. The opportunity to present that claim will be delayed and when it is ultimately presented, it will inevitably be by pro se application for postconviction relief which is a completely inadequate substitute for representation by trained and informed counsel on appeal.
¶25 For these reasons, while I concur with the result of the majority Opinion in this case, I disagree with the overly and unnecessarily broad statements made therein.