No. 01-893

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 163

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

LAIRD DANIEL HENDRICKS,
a/k/a TOD MORRIS HENDRICKS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. BDC-96-234(A),
Honorable Thomas M. McKittrick, Judge Presiding

COUNSEL OF RECORD:

      For Appellant:

          Carl B. Jensen, Jr., Attorney at Law, Great Falls, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Diana L. Koch,
Special Assistant Attorney General, Department of
Corrections, Helena, Montana

          Brant Light, County Attorney; Great Falls, Montana

Submitted on Briefs:   April 11, 2002

Decided:   June 10, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Laird Daniel Hendricks (Hendricks) appeals from the order entered by the Eighth Judicial District Court, Cascade County, revoking Hendricks' suspended sentence for the offense of theft, a felony. We affirm.

¶2 The following issues are presented on appeal:

¶3 1. Whether Hendricks' constitutional and statutory rights were violated when he was held for more than 72 hours without bond.

¶4 2. Whether the District Court erred in relying on hearsay testimony in determining that Hendricks violated the conditions of his probation.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On June 27, 1996, Hendricks was charged by amended information with theft, a felony in violation of § 45-6-301, MCA (1995). Hendricks pled guilty to the charge and was sentenced on February 29, 2000, to a commitment of five years to the Department of Corrections, with all time suspended.

¶6 A petition for revocation of suspended sentence, with supporting affidavit and report of violation, was filed on June 18, 2001. Probation and Parole Officer Michael Touchette (Touchette) alleged in his report that Hendricks had violated the conditions of his suspended sentence by failing to report to Touchette since April 27, 2001, and by failing to keep Touchette informed of Hendricks' whereabouts. Hendricks answered "not true" to the alleged violations at an answer hearing held on August 23, 2001. At that time, the District Court, in and for Cascade County, ordered Hendricks' bail to remain at $10,000. On August

2

27, 2001, the District Court reduced Hendricks' bail to $2,500 and authorized Hendricks' release on bond. Hendricks posted the bond on September 2, 2001, and was released.

¶7 On September 5, 2001, Hendricks was arrested in Missoula County for driving with a revoked license, leaving a property damage accident, assault of a detention officer, and theft of the truck he was driving. Bond was set at $20,000. However, when appearing at the revocation hearing in Cascade County on October 31, 2001, Hendricks asserted that a "no-bond hold" had been placed upon him by Touchette which prohibited Hendricks from posting bail and obtaining release from the Missoula County detention center. Neither the Cascade County Attorney nor the District Court had any knowledge about the no-bond hold, and no documentation of the hold was in the court file, or provided by Hendricks. A discussion ensued among the parties at the hearing, and the District Court then ordered that any no-bond hold be released. Hendricks asserted he had not appeared before a magistrate between September 5, 2001, and October 31, 2001.

¶8 No witness testimony was offered about the no-bond hold during the revocation hearing. Touchette testified, but neither the State nor Hendricks' attorney asked Touchette any questions about the probation hold. Neither did Hendricks testify or produce any evidence regarding the probation hold. Hendricks did not move the District Court to dismiss the petition to revoke his suspended sentence or request the District Court to rule that the no-bond hold violated his constitutional rights.

¶9 At the conclusion of the hearing, the District Court revoked Hendricks' suspended sentence and sentenced him to five years to the Department of Corrections with credit for time served. Hendricks now appeals.

**DISCUSSION**

¶10 **Were Hendricks' constitutional and statutory rights violated when he was held for more than 72 hours without bond?**

¶11 Hendricks claims the he was denied his constitutional right to due process and his right against excessive bail when he was held on the probationary, no-bond hold for more than 72 hours. Section 46-23-1012(3), MCA, authorizes a detention center to hold a probationer without bail for 72 hours and states:

> (3) A probation and parole officer may authorize a detention center to hold a probationer arrested under this section without bail for 72 hours. Within 72 hours following the probationer's detention, the probation and parole officer shall:
> (a) authorize the detention center to release the probationer;
> (b) hold an intervention hearing pursuant to 46-23-1015; or
> (c) arrange for the probationer to appear before a magistrate to set bail.

¶12 According to Hendricks, he was held on the no-bond hold from approximately September 5, 2001, to October 31, 2001, well over the 72-hour limit in § 46-23-1012(3), MCA. Hendricks asserts that Touchette failed to authorize the detention center to release him or arrange for his appearance before a magistrate to set bail, and consequently, his state and federal constitutional rights were violated, requiring reversal of his sentence revocation.

¶13 However, there is no factual record to support these allegations. The State properly counters that Hendricks waived his objection to the asserted violation of his constitutional

4

rights by failing to make an objection during the hearing. Hendricks did not object to the continuation of the hearing or offer a motion to dismiss the proceedings. Relying on our holding in *State v. Azure*, 2002 MT 22, 308 Mont. 201, 41 P.3d 899, the State argues that Hendricks' failure to adequately raise the issue in the District Court and create a factual record prohibits review of the issue on appeal.

¶14    It is well settled that we will not consider issues raised for the first time on appeal when the appellant has had an opportunity to make an objection in the trial court. *State v. Peterson*, 2002 MT 65, ¶ 21, 309 Mont. 199, ¶ 21, 44 P.3d 499, ¶ 21. "The reason for the rule is clear: if the defendant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation." *State v. Cain* (1986), 220 Mont. 509, 514-15, 717 P.2d 15, 19, citing *Estelle v. Williams* (1976), 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126. We have held that failure to object in the trial court proceedings constitutes a waiver of the objection, unless the circumstances come within one of the exceptions of § 46-20-701(2), MCA. *Azure*, ¶ 34. Here, Hendricks does not argue that any of those exceptions apply.

¶15    In *Azure*, the defendant asserted on appeal that his jury had been illegally impaneled. However, Azure had failed to raise an objection in the district court to the manner in which the jury was impaneled, leaving an inadequate record for review by this Court. *Azure*, ¶¶ 32, 38. We held that "this Court's review of allegations on direct appeal is confined to the record," *Azure*, ¶ 38, and concluded that "[b]ecause we cannot determine from the record

5

what procedure the clerk of court used in summoning the jury, we decline to review this issue further." *Azure*, ¶ 39.

¶16 As in *Azure*, the facts from which we could reach a proper conclusion are not in the record before us because Hendricks did not make an appropriate objection before the District Court. Consequently, we cannot consider the merits of Hendricks' due process argument.

¶17 **Did the District Court err in relying on hearsay testimony in determining that Hendricks violated the conditions of his probation?**

¶18 Hendricks claims that the State was required to produce witnesses who had observed his drug use firsthand, and could not rely on the hearsay statements of Touchette in the revocation hearing. In his brief, Hendricks' counsel acknowledges that "there appears to be no legitimate legal grounds upon which to successfully argue this issue" but that he feels duty bound to give this Court notice of the issue, citing *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

¶19 Hendricks did not object to Touchette's testimony at the revocation hearing. "When the district court was not give an opportunity to rule on the admission of a statement or to correct itself if admission was not proper, 'we will not put the trial court in error where it has not been given such a chance.'" *Azure*, ¶ 44, citing *State v. Rodgers* (1993), 257 Mont. 413, 419, 849 P.2d 1028, 1032. Therefore, we conclude Hendricks waived his right to an appellate review of this claim.

¶20 Accordingly, we affirm.

6

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART