Robert DAVIS, Petitioner—Appellant,

v.

William SLAUGHTER, Director, Respondent—Appellee.

No. 02–36133.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided March 24, 2004.

W. Molloy, District Judge, Presiding. D.C. No.CV–01–00067–DWM.

Chad Wright, Helena, MT, for Petitioner–Appellant.

Mike McGrath, Helena, Attorney General's Office, Michael S. Wellenstein, Helena, MT, for Respondent–Appellee.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM *

Robert Byron Davis appeals from denial of his petition for habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. This court granted Davis's application for a Certificate of Appealability, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

I

Davis's argument that the Montana Supreme Court violated his federal constitutional right to due process by failing retroactively to apply *State v. Hall,* 297 Mont. 111, 122, 991 P.2d 929 (1999), is procedurally defaulted. Mont.Code Ann. § 46–16–410(3). Davis makes no argument for cause or prejudice. *Coleman v. Thompson,* 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, the Montana Supreme Court's ruling is an independent state ground that we cannot review unless that ground is inadequate.

II

We are not persuaded that the independent state ground is inadequate on account of *Bennett v. Mueller,* 296 F.3d 752 (9th Cir.2002), *amended by* 322 F.3d 573 (9th Cir.2003). Of the cases applying Mont. Code Ann. § 46–16–410(3) before *State v. Raugust,* 300 Mont. 54, 57–58, 3 P.3d 115 (2000); *State v. Hatten,* 297 Mont. 127,

141, 143, 991 P.2d 939 (1999); *State v. Grimes,* 295 Mont. 22, 28–29, 982 P.2d 1037 (1999); *State v. Harris,* 294 Mont. 397, 399, 983 P.2d 881 (1999); and *State v. Robbins,* 292 Mont. 23, 32–33, 36, 971 P.2d 359 (1998), *overruled on other grounds, State v. LaMere,* 298 Mont. 358, 2 P.3d 204 (2000)—only *Robbins* arguably suggests that § 46–16–410(3) was inconsistently applied. However, *Robbins* is consistent because there, the Montana Supreme Court treated an objection that was timely made, but withdrawn at the (incorrect) behest of the prosecution and the trial court, as having in fact been made and not withdrawn. As the rule in Davis's case was not inconsistently applied, *Bennett* requires neither reversal nor remand.

AFFIRMED.

---

\* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.