No. 03-825

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 174N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

ELIZABETH HICKOK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 03–185
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Derik Pomeroy, Attorney at Law, Bozeman, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Robert Stutz,
Assistant Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney; Ashley Harrington,
Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:  May 11, 2004

Decided:  June 30, 2004

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2     The Eighteenth Judicial District Court, Gallatin County, convicted Elizabeth Hickok of felony assault on a minor. She appeals. We affirm.

¶3     Hickok first argues that the District Court erred by refusing to require the State of Montana to charge her with misdemeanor partner or family member assault instead of felony assault on a minor, because the victim was her son. She asserts the statute defining misdemeanor partner or family member assault controls because it is more specific than the statute defining felony assault on a minor. Contrary to Hickok's assertion, however, these statutes set forth alternative offenses, not a specific statute and a general statute. When the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion. *See State v. Smaage* (1996), 276 Mont. 94, 98, 915 P.2d 192, 194-95 (citation omitted).

¶4     Hickok's second issue on appeal is whether the District Court committed reversible error by admitting other crimes evidence during the State's closing argument. Because she did not object to the State's remark during closing argument, we will not consider this issue. *See State v. Hendricks*, 2003 MT 163, ¶ 14, 316 Mont. 296, ¶ 14, 71 P.3d 1212, ¶ 14

(citations omitted). Nor will we address Hickok's claim of plain error in this regard, because she raised it for the first time in her reply brief. *See State v. Raugust*, 2000 MT 146, ¶ 19, 300 Mont. 54, ¶ 19, 3 P.3d 115, ¶ 19 (citations omitted).

¶5     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. We conclude the issues raised in Hickok's appeal are clearly controlled by settled Montana law which the District Court correctly interpreted. Therefore, we affirm the judgment of the District Court.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM REGNIER

Justice Jim Rice specially concurring.

¶6 I agree with the Court's resolution of the claims raised by Hickok on appeal and, therefore, concur in affirming the District Court.

¶7 However, the county attorney's charging decision in this matter is appalling, and it is small wonder that the District Judge raised concerns about it. Charging a mother with felony assault, leading to the attendant consequences–having to register as a violent offender and losing overnight visitation privileges with her child–was excessive. In this parent-child disciplinary situation, which admittedly went out of control, a child was bruised, and no doubt, the filing of a charge was not inappropriate. However, the prosecutor should have more carefully considered the family context in which the situation arose in determining what charges to file. This was a positive parent-child relationship in which a mistake occurred. The relationship was so important to the defendant that she waived her constitutional trial rights, thus yielding trial advantage, so that her children would not need to testify. She was anguished by her conduct and, before charges were even filed, sought counseling, which she pursued long-term. She had no prior criminal record, except a traffic ticket. While the prosecution must have discretion in deciding what charge to file, it can do better than this.

/S/ JIM RICE