DA 12-0409

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2013 MT 353N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DAWN MARIE JENSEN,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Seventeenth Judicial District, In and For the County of Valley, Cause No. DC 2011-26 Honorable John C. McKeon, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender, Nicholas Domitrovich, Assistant Appellant Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

            Nicholas Murnion, Valley County Attorney; Glasgow, Montana

                    Submitted on Briefs:  October 30, 2013
                               Decided:  November 19, 2013

Filed:

                              _____
                                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Dawn Marie Jensen (Jensen) appeals from her conviction at trial on one count of criminal distribution of dangerous drugs. We affirm.

¶3      The central issue on appeal is whether the prosecutor's remarks during closing deprived Jensen of a fair trial by invading the province of the jury. During closing, the State argued that its burden of proof was "not an unreasonable burden. Every defendant that's been convicted in the last 200 years has been convicted by proof beyond a reasonable doubt. It's only necessary to prove the elements of the crime beyond a reasonable doubt, not every little point that comes up." Later in the closing argument, the State also characterized the burden of proof as "using your common sense." The prosecutor also argued that its informant, Carrie Gartner, had no incentive to lie on the stand because she faced criminal prosecution for doing so. Jensen did not object to any of these statements. Finally, the State said that Jensen "refused to accept her consequences today." Jensen objected to that statement as an improper argument, and the District Court sustained that objection, admonishing the prosecution that the argument was not proper.

¶4      A district court's decision to grant a new trial in the interests of justice is reviewed for abuse of discretion. *Cooper v. Hanson*, 2010 MT 113, ¶ 28, 356 Mont. 309, 234 P.3d 59;

2

*State v. Goodwin*, 249 Mont. 1, 17, 813 P.2d 953, 963 (1991). In examining whether a district court abused its discretion in refusing a new trial, we consider (1) the strength of the evidence against the defendant; (2) the prejudicial effect of the alleged improper comments by the prosecutor; and (3) to what extent the district court's response cured any prejudice. *State v. Ahto*, 1998 MT 200, ¶ 32, 290 Mont. 338, 965 P.2d 240; *State v. Arigwe*, 2007 MT 204, ¶ 164, 338 Mont. 442, 167 P.3d 815.

¶5 The prosecutor's comments that Jensen did not "accept her consequences" were improper. Except for in capital cases, the jury should not be influenced in any way by sentencing factors, such as the acceptance of guilt. *State v. Stewart*, 2000 MT 379, ¶ 42, 303 Mont. 507, 16 P.3d 391. Jensen's acceptance of responsibility for the crime was irrelevant to the issues at trial and unsupported by any evidence or argument at trial. The District Court properly sustained Jensen's objection and admonished the prosecution for making the improper argument.

¶6 Even when comments are improper, however, a defendant must demonstrate that the prosecutor's comments prejudice his or her right to a fair and impartial trial. *State v. Gladue*, 1999 MT 1, ¶ 27, 293 Mont. 1, 972 P.2d 827; *State v. Stuit*, 268 Mont. 176, 185, 885 P.2d 1290, 1296 (1994). In *Criswell*, we found no prejudice resulting from a prosecutor's improper comments because jurors likely "saw those remarks for what they were: unprofessional and unnecessary disparagements of the defendants having no bearing on the question of guilt." *State v. Criswell*, 2013 MT 177, ¶ 50, 370 Mont. 511, 305 P.3d 760.

3

Finally, admonishment by the court may have a curative effect on any prejudice resulting from an improper comment. *Gladue*, ¶ 31; *Criswell*, ¶ 50.

¶7 The comment that Jensen "refused to accept her consequences," was largely irrelevant under the circumstances and any resulting prejudice was insubstantial. Jensen argues that the prosecutor's comment caused the jury to punish Jensen for exercising her right to trial. But the entire focus of the trial was whether Jensen had actually committed the crime, and Jensen unequivocally denied committing the offense. The State did not argue or present evidence concerning Jensen's accountability for the crime, and the District Court properly instructed the jury to decide Jensen's guilt based only on the evidence presented at trial. The District Court sustained Jensen's objection and admonished the prosecution that the argument was improper. The curative effect of that admonishment and the jury instructions diminishes Jensen's claims of prejudice.

¶8 Jensen's remaining claims were not asserted at trial and are subject to plain error review. *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996); *State v. West*, 2008 MT 338, ¶ 20, 346 Mont. 244, 194 P.3d 683. We employ plain error review sparingly on a case-by-case basis, and only when the claimed errors implicate a defendant's fundamental constitutional rights and result in a manifest miscarriage of justice. *State v. Parks*, 2013 MT 280, ¶ 34, 372 Mont. 88, 310 P.3d 1088; *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, 77 P.3d 224; *West*, ¶ 23.

¶9 In *Lindberg*, a prosecutor questioned the defendant's credibility on the grounds that he failed to call any witnesses, and characterized one witness as a "liar." *State v. Lindberg*,

4

2008 MT 389, ¶ 33, 347 Mont. 76, 196 P.3d 1252. Although these statements were improper, we found under the totality of the circumstances that the statements did not shift the burden of proof to the defendant and did not cause prejudice. *Lindberg*, ¶¶ 30-34. In *Raugust*, we found that the comments "[r]easonable doubt has been used in every criminal case in this country" and "prisons are full of people who have been convicted beyond a reasonable doubt" were not improper because they merely demonstrated that reasonable doubt was not an impossible standard. *State v. Raugust*, 2000 MT 146, ¶¶ 42-43, 300 Mont. 54, 3 P.3d 115. Finally, while the State is prohibited from offering its personal view regarding the credibility of a witness, it is not prohibited from commenting on witness credibility based on inferences drawn from the evidence. *Daniels*, ¶ 26; *State v. MacDonald*, 2013 MT 97, ¶ 14, 369 Mont. 483, 299 P.3d 799.

¶10 We decline to employ plain error review of Jensen's remaining claims because none of the prosecutor's comments implicated the defendant's fundamental rights or cast unfairness into the trial. The prosecutor's comment that "[e]very defendant" in the last 200 years had been convicted beyond a reasonable doubt was meant to demonstrate that minor doubts and uncertainties did not warrant acquittal, just as in *Raugust*. Nor did the prosecution's comments improperly shift the burden of proof to Jensen. The prosecution told the jury that they should convict if they found that Jensen had committed the crime "based upon something you hear in this courtroom and using your common sense . . . ." This comment merely asked the jurors to evaluate the testimony and evidence based on common sense. The District Court properly instructed the jury regarding the actual definition of

5

reasonable doubt, dispelling any confusion created by the prosecution's "common sense" comment. Finally, the State did not make an improper comment by stating that its informant, Carrie Gartner, was disincentivized from lying by the threat of criminal prosecution. That argument is not the prosecutor's personal opinion on Gartner's credibility, but a logical inference that Gartner has a reason to be trusted on the stand. As such, it is not an improper comment and causes no prejudice to Jensen's trial. Since none of these statements jeopardized Jensen's fundamental rights or cast unfairness into the trial, we decline to exercise plain error review of these issues.

¶11    For the foregoing reasons, Jensen's conviction is affirmed.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

                                        /S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON