FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0409

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0409

STEVEN WAYNE KEEFE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

FILED

NOV 0 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Before the Court is Appellant Steven Wayne Keefe's Motion for Judicial Notice, to which the State of Montana objects. Keefe's appeal arises following this Court's remand to the Eighth Judicial District Court for a resentencing hearing in light of the factors outlined in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012). *State v. Keefe*, 2021 MT 8, 403 Mont. 1, 478 P.3d 830. On remand, the District Court held a new hearing and entered an Amended Judgment and Sentence on July 16, 2021, re-imposing consecutive life sentences on each of the three deliberate homicide charges and a consecutive ten-year sentence for the burglary charge, with ten years' enhancement on each count for use of a weapon. The court did not restrict Keefe's eligibility for parole.

Keefe filed his notice of appeal from the final judgment on August 16 and his opening brief on appeal on October 14, 2021. The next day he moved for judicial notice of the sentence calculations his counsel requested from the Montana Department of Corrections, which a DOC Correctional Treatment Specialist e-mailed to counsel on August 26, 2021. Keefe submits the calculations worksheet under defense counsel's affidavit, without identification or attestation of the person who prepared it. Citing M. R. Evid. 201, Keefe argues that the DOC's parole eligibility determination reflected in the calculations is appropriate for judicial notice because the information is "capable of accurate and ready verification." The State responds that the Court should not consider the calculations because

they are not part of the record before the District Court and have not been submitted with proper verification.

The record on appeal "in all cases" comprises "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court[.]" Mont. R. App. P. 8(1). "[T]his Court's review of allegations on direct appeal is confined to the record." *State v. Hendricks*, 2003 MT 163, ¶ 15, 316 Mont. 296, 71 P.3d 1212 (quoting *State v. Azure*, 2002 MT 22, ¶ 38, 308 Mont. 201, 41 P.3d 899). As the purported sentence calculations were not before the District Court at the time of its resentencing hearing, they are not properly before the Court in Keefe's appeal.

IT IS THEREFORE ORDERED that the Motion for Judicial Notice is DENIED. The Clerk of this Court is directed to remove from the record on appeal the Declaration of Genevie Gold and Exhibit A electronically submitted with Keefe's motion on October 15, 2021.

The Clerk is directed further to notify all counsel of record of the entry of this Order. Dated this 2nd day of November, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2